UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-14-KSF

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                        **OPINION AND ORDER**

KENNETH SCOTT KIDDER                                       DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Rule 33. For the reasons discussed below, the motions will be denied.

**I.     BACKGROUND**

At trial on July 9, 2012, the jury heard testimony from six witnesses. Sergeant Todd Phillips of the Lexington Police Department explained that the Department conducted an investigation after a citizen complained that a man, whom the citizen believed was a police officer, was rude to him while he was patronizing Tolly-Ho restaurant. The person described in the complaint was later identified as Kenneth Kidder, who was not a police officer but was dressed to resemble one.

Officer Chris Harris learned that Kenneth Kidder worked with his father, John Kidder, as armed security for the Tolly-Ho restaurant. As part of his investigation, Sergeant Phillips confirmed that John Kidder was a convicted felon. Officer Harris testified that on October 14, 2012, he and other officers went to Tolly-Ho to locate the Kidders. John and Kenneth were taken into custody. Officer Harris saw John Kidder in possession of a Smith & Wesson 9 millimeter semiautomatic pistol. That pistol, photographs of John Kidder's "duty belt," Kenneth Kidder's "duty belt," and a badge were introduced into evidence.

Officer Harris interviewed Kenneth Kidder after he was taken into custody. The jury viewed the recording of the interview. On the video, Kenneth Kidder admitted that he knew his father was a convicted felon, that Kenneth originally purchased the pistol found in his father's possession, and stated "And that Smith I stupidly gave Dad," when Officer Harris asked whether Kenneth had additional firearms. ATF Special Agent Steve Frueh testified about his activity in the case, including obtaining the ATF Form 4473 [Plaintiff Exhibit 4] showing Kenneth Kidder's purchase of the Smith & Wesson 9 millimeter semiautomatic pistol from Classic Arms and Archery in Lexington, Kentucky in May 2008.

John Kidder testified that he was a convicted felon and that he knowingly and intentionally possessed the pistol.[1] He claimed that he took the pistol from his son and was holding it until his son repaid a debt to him.

Kenneth Kidder testified that his father took the pistol from him, but that he did not try to take it back. He admitted knowing John Kidder was a convicted felon. He also admitted that his statement to Officer Harris was made freely and voluntarily after he was advised of his rights. He claimed that his statement "And the Smith I stupidly gave Dad," was misinterpreted and really meant that his father took the Smith & Wesson. He also admitted that he did not clarify his statement with Officer Harris.

## II.    ANALYSIS

### A.    Motion for Judgment of Acquittal

"In deciding whether the evidence is sufficient to withstand a motion for an acquittal, and support a conviction, the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). *See also United States v. Stafford*, 639 F.3d 270, 273 (6th Cir. 2011) ("In challenging the sufficiency of the evidence

---

[1] John Kidder entered a plea of guilty to Count Is of the indictment on May 4, 2012.

to support his conviction, Stafford faces a steep climb." The evidence discussed above and in the following section is sufficient to withstand a motion for acquittal.

### B. Motion for New Trial

Kenneth Kidder's motion for a new trial argues that the evidence in his case "preponderates heavily against the verdict" and that allowing his "conviction to stand would constitute a miscarriage of justice." DE 48, pp. 1-2. *United States v. Hughes*, 505 F.3d 578 (6th Cir. 2007), recognized that a motion for a new trial "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *Id.* at 592. The court noted, however, that "[g]enerally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *Id.*, quoting *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir. 1980) (unpublished). Additionally, in considering the weight of the evidence, "the district judge may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Montgomery*, 385 F. App'x 622 at *5 (6th Cir. December 18, 2009).

To support a conviction under 18 U.S.C. § 922(d)(1) for disposing of a firearm to a person who is a convicted felon, the United States was required to prove the following essential elements beyond a reasonable doubt:

> First, that the defendant sold or otherwise disposed of a firearm;
> 
> Second, that the defendant acted knowingly;
> 
> Third, that the person to whom the firearm was transferred had been convicted in some court of a crime punishable for a term exceeding one year (i.e., a felony offense); and
> 
> Fourth, that at the time of the transfer of the firearm, the defendant either knew, or had reasonable cause to believe, that the recipient of the firearm had been convicted in some court of a crime punishable by imprisonment for a term exceeding one year (i.e., a felony offense).

DE 40, p. 13.

At trial, John Kidder admitted that he possessed the Smith & Wesson 9 millimeter semiautomatic pistol on or about October 14, 2012 and that it belonged to his son. Officer Harris observed John Kidder in possession of the pistol. Special Agent Frueh established that Kenneth Kidder bought the pistol from Classic Arms in May 2008 and put the Form 4473 documenting the purchase into evidence. Kenneth Kidder's recorded statement confirmed that he knew his father was a convicted felon. His statement during the interview, "And that Smith I stupidly gave Dad," confirmed that Kenneth did provide his father the Smith & Wesson prior to October 14, 2012. The testimony at trial unquestionably satisfied the requirement that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Montgomery*, 358 F. App'x. 622 at *5. This is not an "extraordinary circumstance where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 592.

While there was testimony from John and Kenneth that John took the pistol, rather than Kenneth giving it to him, the jury was not required to believe it. "It is well settled that when a defendant 'offers an innocent explanation for the incriminating facts proved by the government, the jury is free to disbelieve it.'" *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003), quoting *United States v. Ledezma*, 26 F.3d 636, 641 (6th Cir. 1994).

### III. CONCLUSION

**IT IS ORDERED** that Defendant's motion for judgment of acquittal [DE 47] and motion for a new trial [DE 48] are **DENIED**.

This September 12, 2012.



Signed By:

*Karl S. Forester* KSF
**United States Senior Judge**

4